```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARTIN ARMSTRONG,                   :
                                    :
                    Plaintiff,      :   09 Civ. 7370 (BSJ)(THK)
                                    :
        -against-                   :
                                    :   REPORT AND RECOMMENDATION
                                    :
HARLEY LAPPIN, et al.,              :   (Pro Se)
                                    :
                    Defendants.     :
------------------------------------X
```

TO: HON. BARBARA S. JONES, UNITED STATES DISTRICT JUDGE.
FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.

On April 26, 2009, Plaintiff Martin Armstrong filed a Complaint against Harley Lappin, the Director of the United States Bureau of Prisons, as well as ten other unidentified Defendants, in the District Court of the District of Columbia. Plaintiff filed this civil action to seek redress for personal injuries allegedly sustained while he was incarcerated at the Metropolitan Correctional Center in Manhattan. On August 21, 2009, the case was removed from the District of Columbia to the Southern District of New York, where it was referred to this Court for general pretrial supervision. For the reasons that follow, the Court respectfully recommends that the action be dismissed for failure to prosecute.

On December 2, 2009, this Court entered an Order instructing Plaintiff to effect service on Defendants by February 26, 2010, and to file proof of service with the Court. On December 7, 2009, Plaintiff asked the Court to send his case back to the District

COPIES MAILED
TO COUNSEL OF RECORD ON 7/20/11

Court of the District of Columbia or to stay the case while he awaited a decision in the Court of Appeals for the District of Columbia that was expected to result in the transfer of the case out of the Southern District of New York. In response to this letter, this Court stayed all proceedings in this action and placed the case on the suspense docket. Plaintiff was directed to promptly notify the Court of any D.C. Circuit determination.

On March 23, 2010, the Court of Appeals for the District of Columbia ordered that Plaintiff's petition for writ of mandamus be dismissed. Upon disposition of his appeal by the Court of Appeals, Plaintiff did not, as specifically directed, promptly notify this Court to explain why all proceedings in this action should continue to be stayed. Accordingly, Plaintiff was ordered to show cause why the action should not be dismissed for failure to prosecute. In a letter dated March 29, 2011, Plaintiff submitted a response that was filled with non sequitors, and requested that the stay of his case be continued because the issues raised in this action were pending in other courts.

Having reviewed the dockets of at least three other federal courts, this Court concluded that Plaintiff is extremely litigious, often attempting to litigate the same issues in multiple venues, and that any confusion over the presence of his claims in multiple courts was entirely of his own doing. The Court subsequently

2

entered an Order, dated April 25, 2011, instructing Plaintiff to effect service of process on the Defendants by no later than July 1, 2011, and to file proof of service with the Court. The Order expressly set forth that failure to do so would result in a recommendation that the action be dismissed for failure to prosecute.

On April 27, 2011, a service package was mailed by the Pro Se Office to Plaintiff. As of this date, however, the docket sheet for this case reflects that Plaintiff has not served Defendants with the Summons and Complaint. Morever, the Court has confirmed that the United States Marshal's Service never received the necessary forms for effecting service of process.

Accordingly, as the July 1, 2011 deadline set forth in the April 25 Order has passed, this Court now respectfully recommends that the action be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections and show cause why this action should not be dismissed. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Barbara S. Jones, United States District Judge, and to the chambers of the

undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Jones. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: July 20, 2011
       New York, New York

4